GENOVESE, J.,
dissents and assigns the following written reasons.
hi disagree with the majority’s affirmation of the trial court judgment in this case finding Lafayette City-Parish Consolidated Government (LCG) legally responsible for Mr. Sam’s medical expenses. This case is governed by La.R.S. 15:304, which states in pertinent part that “[a]ll expenses incurred ... by the arrest, confinement, and prosecution ... shall be paid by the respective parishes in which the offense charged may have been committed....”
It is an undisputed fact that Mr. Sam was wounded (shot) by a third party before he was arrested. A strict reading of La. R.S. 15:304 states that the parish (LCG) is responsible for all expenses incurred “by the arrest, confinement, and prosecution[.]” Mr. Sam’s medical expenses were not incurred “by [his] arrest” or as a result of his arrest or confinement; his medical expehses became manifest and were subsequently incurred when he was shot and wounded. His subsequent arrest and confinement were not the cause of his incurred medical • expenses. Being shot as an intruder was the cause of his incurred medical expenses.
This decision opens Pandora’s box and subjects all parishes to liability for any and all expenses incurred before and after an arrest regardless of their involvement in arrest, confinement, or prosecution. I do not find that to be the wording or the intent of the statute. Consequently, I dissent from the majority. 11 ¿would reverse *464 the trial court judgment and absolve LOG from any legal liability for Mr. Sam’s medical expenses based on the facts of this case and La.R.S. 15:304.